**FILED**
**U.S. District Court**
**District of Kansas**
01/23/2026
**Clerk, U.S. District Court**
**By:** SND **Deputy Clerk**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

**DALE M. DENNEY,**

      **Plaintiff,**

      **v.**                       **CASE NO.  25-3272-JWL**

**JEFF ZMUDA, et al.,**

      **Defendants.**

## MEMORANDUM AND ORDER
## TO SHOW CAUSE

Plaintiff Dale M. Denney is hereby required to show good cause, in writing to the undersigned, why this action should not be dismissed due to the deficiencies in Plaintiff's Complaint that are discussed herein.

### I.  Nature of the Matter before the Court

Plaintiff brings this pro se civil rights action under 42 U.S.C. § 1983.   Plaintiff is incarcerated at the El Dorado Correctional Facility-Oswego in Oswego, Kansas.   The Court granted Plaintiff leave to proceed in forma pauperis.

Plaintiff alleges that his state sentences in Case No. 1987-CR-944 and Case No. 1993-CR-1343 (consolidated with Case No. 1993-CR-1268) have been improperly computed, resulting in him being held beyond his discharge date.  (Doc. 7, at 3; Doc. 13, at 6.)  Plaintiff argues that the State of Kansas applied K.S.A. 21-4608(c) when it should not have because he was not on parole for Case No. 1987-CR-944 when he committed the crimes he was convicted of in Case No. 1993-CR-1343.  According to Plaintiff, this resulted in him being deprived of the benefits of aggregation and an earned 15 years of prior penal credit.  (Doc. 13, at 5.)

1

Plaintiff names as defendants:  Jeff Zmuda, Secretary of the Kansas Department of Corrections ("KDOC") and Michelle Sullivan, Manager of the KDOC Sentence Computation Unit. For relief, Plaintiff seeks discharge, injunctive relief, compensatory damages, and punitive damages.  *Id*. at 10; Doc. 13, at 6.

## II.  Statutory Screening of Prisoner Complaints

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1)– (2).

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law."  *West v. Atkins,* 487 U.S. 42, 48 (1988) (citations omitted); *Northington v. Jackson*, 973 F.2d 1518, 1523 (10th Cir. 1992).  A court liberally construes a pro se complaint and applies "less stringent standards than formal pleadings drafted by lawyers."  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).  In addition, the court accepts all well-pleaded allegations in the complaint as true.  *Anderson v. Blake*, 469 F.3d 910, 913 (10th Cir. 2006).  On the other hand, "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief," dismissal is appropriate.  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 558 (2007).

A pro se litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based."  *Hall v. Bellmon*, 935 F.2d 1106,

1110 (10th Cir. 1991). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555 (citations omitted). The complaint's "factual allegations must be enough to raise a right to relief above the speculative level" and "to state a claim to relief that is plausible on its face." *Id.* at 555, 570.

The Tenth Circuit Court of Appeals has explained "that, to state a claim in federal court, a complaint must explain what each defendant did to [the *pro se* plaintiff]; when the defendant did it; how the defendant's action harmed [the plaintiff]; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007). The court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (citation omitted).

The Tenth Circuit has pointed out that the Supreme Court's decisions in *Twombly* and *Erickson* gave rise to a new standard of review for § 1915(e)(2)(B)(ii) dismissals. *See Kay v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007) (citations omitted); *see also Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009). As a result, courts "look to the specific allegations in the complaint to determine whether they plausibly support a legal claim for relief." *Kay*, 500 F.3d at 1218 (citation omitted). Under this new standard, "a plaintiff must 'nudge his claims across the line from conceivable to plausible.'" *Smith*, 561 F.3d at 1098 (citation omitted). "Plausible" in this context does not mean "likely to be true," but rather refers "to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent," then the plaintiff has not "nudged [his] claims across the line from conceivable to plausible." *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (citing *Twombly*, 127 S.

3

Ct. at 1974).

## III. DISCUSSION

Plaintiff has a long history before this Court, which includes previously raising the same or similar sentence computation issues. In *Denney v. Smith*, Case No. 04-cv-3191-GTV, Plaintiff unsuccessfully argued that his sentence was not properly calculated because his indeterminate sentences were not converted to determinate terms. In *Denney v. Roberts*, Case No. 05-cv-3012-WEB, a habeas corpus action under § 2241, Plaintiff unsuccessfully argued that his due process rights were violated because Kansas failed to convert part of his sentence to be determinate; failed to follow a court order to convert part of his sentence to 185 months; failed to give him credit for time served on his sentence in Case No. 1987-CR-944; and failed to aggregate his two other sentences with the sentence in 1987-CR-944. Finally, in *Denney v. Smith*, Case No. 08-cv-3241-SAC, Plaintiff argued his state sentence had been wrongfully computed, and he had been denied credit for 2.5 years of his imprisonment beyond the expiration of his 1987 sentence. Judge Crow found as follows in Case No. 08-cv-3241:

> Because plaintiff's allegation of error appeared to necessarily impact the validity of the duration of his present confinement, the court found his § 1983 action for damages and equitable relief was barred absent a showing the computation of his sentence had been invalidated or otherwise set aside. *See Wilkinson v. Dotson*, 544 U.S. 74, 82 (2005) (*citing Heck v. Humphrey*, 512 U.S.477 (1994)). Because plaintiff made no such showing on the face of his complaint, the court directed plaintiff to show cause why the complaint should not be summarily dismissed . . .
>
> Plaintiff was sentenced to a prison term of five to twenty years for his crimes in 87 CR 944. While on parole for that sentence he was arrested in 1993 on new criminal offenses. As a result, his parole was revoked, and pursuant to state statutes in effect at the time, his indeterminate 1987 sentence was converted to a determinate sentence of 36 months. As plaintiff had already served more than 36 months, no further service of the 1987 sentence was required. He remained confined on the 1993 offenses.
>
> To the extent plaintiff now seeks damages for 2.5 year of confinement beyond the 36 month converted sentence, such relief is foreclosed because plaintiff points to no

4

court decision or other action indicating the 2.5 years of service on his yet unconverted indeterminate sentence of five to twenty years was illegal. Thus *Wilkinson* and *Heck* bar plaintiff's action for monetary relief.

To the extent plaintiff seeks injunctive relief to prevent state officials from using plaintiff's 1987 conviction and sentence in calculating his current sentence and parole eligibility date, such relief lies in habeas corpus – a route plaintiff has attempted without success. *See Denney v. Roberts*, Case No. 05-3012-WEB (D. Kan. June 27, 3006) (denying habeas corpus relief for the alleged wrongful computation of petitioner's state sentences), *certificate of appealability denied and appeal dismissed* (10th Cir. October 2, 2006).

Judge Crow dismissed the case without prejudice for failure to state a claim upon which relief may be granted under § 1983. *Denney v. Smith*, Case No. 08-cv-3241-SAC (D. Kan. Feb. 11, 2009).

The Court agrees with Judge Crow's reasoning. Before Plaintiff may proceed in a federal civil action for monetary damages based upon an invalid or miscalculated sentence, he must show that his sentence has been overturned, reversed, or otherwise called into question, *Heck*, 512 U.S. at 487, and Plaintiff's request for injunctive relief and discharge from KDOC custody or supervision must proceed in habeas corpus. *See Frey v. Adams Cnty. Court Servs.*, 267 F. App'x 811, 813 (10th Cir. 2008) (unpublished) ("To the extent that [plaintiff] seeks injunctive relief, success on this claim would result in a speedier release from custody, so the claim cannot be pursued under § 1983 but must be pursued as a habeas claim under § 2241 . . . And insofar as [plaintiff] seeks damages, he has no cause of action until he obtains relief from the sentence.") (citing *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973) and *Heck*, 512 U.S. 477); *see also United States v. Morgan*, Case No. 08-20135-01-JWL, 2019 WL 2208155, at *1 (D. Kan. May 22, 2019) ("Because Mr. Morgan is challenging the BOP's computation of his good-time credit, his motion must be filed as a petition for habeas corpus under 28 U.S.C. § 2241 . . .") (citations omitted). Plaintiff's Complaint is subject to dismissal.

## IV.  Motions

Plaintiff has filed a Motion for Service of Process (Doc. 4) and a Motion to Take Judicial Notice of Court Payment(s) and Failure of EDCF to Notify Plaintiff of Electronic Filings of the Court and for the Court through Court Officers to Serve Summons and Complaint by United States Marshals Service at No Costs to Plaintiff Dale M. Denney (Doc. 11).  As the Court has not determined that this matter survives screening, service of summons is premature.  Both motions are denied.

## V.  Response Required

For the reasons stated herein, Plaintiff's Complaint is subject to dismissal under 28 U.S.C. §§ 1915A(b).  Plaintiff is therefore required to show good cause why his Complaint should not be dismissed.  Plaintiff is warned that his failure to file a timely response may result in the Complaint being dismissed for the reasons stated herein without further notice.

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiff is granted until **February 23, 2026,** in which to show good cause why Plaintiff's Complaint should not be dismissed for the reasons stated herein.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Service of Process (Doc. 4) and Motion to Take Judicial Notice of Court Payment(s) and Failure of EDCF to Notify Plaintiff of Electronic Filings of the Court and for the Court through Court Officers to Serve Summons and Complaint by United States Marshals Service at No Costs to Plaintiff Dale M. Denney (Doc. 11) are **denied**.

**IT IS SO ORDERED**.

**Dated January 23, 2026, in Kansas City, Kansas.**

<u>**S/   John W. Lungstrum**</u>
**JOHN W. LUNGSTRUM**
**UNITED STATES DISTRICT JUDGE**