**FILED**
**U.S. District Court**
**District of Kansas**
03/17/2026
**Clerk, U.S. District Court**
**By:** SND **Deputy Clerk**

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

DALE M. DENNEY,

      **Plaintiff,**

      v.                                                                 **CASE NO.  25-3272-JWL**

JEFF ZMUDA, et al.,

      **Defendants.**

**MEMORANDUM AND ORDER**

This matter is a pro se civil rights action filed under 42 U.S.C. § 1983.  Plaintiff alleges that his state sentences have been improperly computed, resulting in him being held beyond his discharge date.

The Court entered a memorandum and order to show cause ("MOSC") (Doc. 14) directing Plaintiff to show cause why this matter should not be dismissed for failure to state a claim on which relief can be granted.  This matter is before the Court on Plaintiff's Response (Doc. 15) to the MOSC and three (3) motions (Docs. 16, 17, and 18).

**I.  Nature of the Matter Before the Court**

Plaintiff's Complaint (Doc. 7) alleges that his state sentences in Sedgwick County, Kansas, Case No. 1987-CR-944, Case No. 1993-CR-1343, and Case No. 1993-CR-1268 have been improperly computed, resulting in him being held beyond his discharge date.  (Doc. 7, at 3; Doc. 13, at 6.)  Plaintiff argues that the State of Kansas applied K.S.A. 21-4608(c) when it should not have because he was not on parole for Case No. 1987-CR-944 when he committed the crimes he was convicted of in Case No. 1993-CR-1343.  According to Plaintiff, this resulted in him being

1

deprived of the benefits of aggregation and an earned 15 years of prior penal credit. (Doc. 13, at 5.)

Plaintiff names as defendants: Jeff Zmuda, Secretary of the Kansas Department of Corrections ("KDOC") and Michelle Sullivan, Manager of the KDOC Sentence Computation Unit. For relief, Plaintiff seeks discharge, injunctive relief, compensatory damages, and punitive damages. *Id*. at 10; Doc. 13, at 6.

## II.  The MOSC

The Court found in the MOSC that before Plaintiff may proceed in a federal civil action for monetary damages based upon an invalid or miscalculated sentence, he must show that his sentence has been overturned, reversed, or otherwise called into question, *Heck v. Humphrey*, 512 U.S. 477, 487 (1994), and Plaintiff's request for injunctive relief and discharge from KDOC custody or supervision must proceed in habeas corpus. *See Frey v. Adams Cnty. Court Servs.*, 267 F. App'x 811, 813 (10th Cir. 2008) (unpublished) ("To the extent that [plaintiff] seeks injunctive relief, success on this claim would result in a speedier release from custody, so the claim cannot be pursued under § 1983 but must be pursued as a habeas claim under § 2241 . . . And insofar as [plaintiff] seeks damages, he has no cause of action until he obtains relief from the sentence.") (citing *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973) and *Heck*, 512 U.S. 477); *see also United States v. Morgan*, Case No. 08-20135-01-JWL, 2019 WL 2208155, at *1 (D. Kan. May 22, 2019) ("Because Mr. Morgan is challenging the BOP's computation of his good-time credit, his motion must be filed as a petition for habeas corpus under 28 U.S.C. § 2241 . . .") (citations omitted).

Because Plaintiff had not shown that his sentence had been overturned, the Court determined that his Complaint was subject to dismissal.

### III.  DISCUSSION

Plaintiff argues in his response to the MOSC that this case is not about sentence computation or calculation "because KDOC has already aggregated" his two 1993 sentences. Further, he asserts that this case does not impact the validity of the duration of his present confinement because "the release date has been achieved," explaining his projected release date was July 1, 2020, and he made parole on October 1, 2024.  In summary, Plaintiff argues that he has exhausted his claims "over and over" and "WAS THE PREVAILING PARTY."  *Id*. at 3.

In an attempt to support his position, Plaintiff attaches exhibits consisting of some of the state court opinions from some of his cases.  Exhibit C is two pages of *Denney v. Norwood*, 465 P.3d 202, 2020 WL 3393773 (Kan. App. June 19, 2020).  This is a state habeas corpus action where the issue Plaintiff raised was whether he was properly treated as a sex offender under the Kansas Offender Registry Act ("KORA").  The validity of Plaintiff's sentences was not at issue. The pages were attached apparently because the court mentioned in passing, "We note Denney's projected release date is July 1, 2020."  *Id*. at *2.

Exhibit A is *Denney v. Roberts*, 177 P.3d 1012, 2008 WL 624706 (Kan. App. March 7, 2008).  This is another appeal of one of Plaintiff's failed state habeas corpus attempts.  The court begins by reviewing Plaintiff's history of convictions and sentences.  He was convicted of rape and aggravated burglary in 1987 and paroled in July of 1992.  In October of 1992, Plaintiff was charged with aggravated criminal sodomy, aggravated sexual battery, and an aggravated weapons violation.  He was sentenced to 30 years to life.  In July of 1993, he was again charged with and convicted of aggravated criminal sodomy, aggravated battery, aggravated sexual battery, and an aggravated weapons violation.  He was sentenced to 228 months to be served consecutively to the 1992 sentences.  Because of these convictions, his 1992 parole on his 1987 convictions was

revoked. *Id.* at *1.   In June of 2002, a panel of the Kansas Court of Appeals ordered his indeterminate sentences to be converted.   At that point, the 1987 sentence was converted to a determinate 36 months.   The sentence was satisfied according to the KDOC.   The court said that therefore he was not on parole when he was sentenced in 1993.  *Id.*

Plaintiff filed *Denney v. Roberts* in November of 2006, questioning the requirement that he complete the Sexual Offender Treatment Program ("SOTP") and asserting that KDOC erred by disaggregating his 1987 sentence from the other sentences.   The state district court found his sentence was properly computed and denied the petition.   On appeal, Plaintiff asked the appellate court to vacate his sentence and remand for recomputation.   The court found that Plaintiff's 1987 sentence had already been found to be satisfied by the Kansas Supreme Court on direct appeal, and therefore this was not a case where a sentence was disaggregated.  *Id.* at *2.   Rather, the sentence was satisfied such that it no longer factored into the computation of Plaintiff's parole eligibility date.   The Kansas Court of Appeals found that the district court did not improperly disaggregate Plaintiff's sentence.  *Id.*

Plaintiff's final exhibit, Exhibit B, is *Denney v. Inmate Review Board*, 553 P.3d 983, 2024 WL 3886829 (Kan. App. Aug. 16, 2024).   This is another appeal of another of Plaintiff's failed habeas petitions.   The state district court had dismissed the petition for failure to comply with procedural requirements.   Plaintiff asserted in his petition that the Inmate Review Board ("IRB") erroneously denied his parole request in February of 2022.   He argued that his underlying cases were consolidated, which should have meant his convictions were a "single conviction event;" the maximum sentence he could receive was 228 months; he should have been released by July 30, 2017; and therefore any parole was "null and void."  *Id.* at *1.   The court of appeals noted that Plaintiff had made this argument several times before, and it had been denied on the merits.  *Id.*

4

Perhaps recognizing this, Plaintiff attempted to change his argument on appeal, asserting he was being illegally confined beyond his maximum release date because the KDOC erred in aggregating his sentences. *Id.* at *4. The Kansas Court of Appeals declined to consider the argument because Plaintiff had not raised the issue below; the court said that it "offered no opinion on the merits of his new aggregation argument." *Id.*

Under *Heck*, if a civil judgment necessarily implies the invalidity of a criminal conviction or sentence, a cause of action under § 1983 does not arise until the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by an authorized state tribunal, or called into question by the issuance of a federal habeas writ. *See Heck*, 512 U.S. at 486-87. Plaintiff's response and exhibits do not show that his sentence has been reversed on direct appeal, expunged by executive order, declared invalid by an authorized state tribunal, or called into question by the issuance of a federal habeas writ. The only time it appears that Plaintiff attempted to raise the same argument he raises here about the aggregation of his 1993 sentences, the Kansas Court of Appeals offered no opinion on the merits. *Denney v. Inmate Review Board*, 2024 WL 3886829, at *4. Therefore, Plaintiff was not the prevailing party on this claim, and he has not shown that his sentence has been overturned, reversed, or called into question. His Complaint is subject to dismissal for failure to state a claim.

Plaintiff has also filed three motions. The first is titled "Motion for Court to Cease & Desist Collection of Filing Fees – Refund Overpayments - & Notify KDOC to Stop Forwarding Payments." (Doc. 16.) Plaintiff claims that the KDOC has sent the Court $16.69 more than the ordered filing fee. Plaintiff asks the Court for a refund and to notify the KDOC to stop forwarding payments to the Court. The motion is denied. The Court has not received any excess payments from Plaintiff, and if it does, such payments will be returned directly.

Plaintiff's second motion is titled "Motion Presenting the Court with an Option of Exercising its Available Habeas Corpus Power in the event the Present 1983 Action is Unavailable." (Doc. 17.)  Plaintiff states that he "still intends to pursue the present 1983 Civil Rights Action . . . but acquiesces to the [conversion of the action to a habeas action] in the event that the Remedy in 1983 is unavailable." *Id*. at 2.  Plaintiff then proceeds to reassert his arguments about the calculation of his sentence.  Plaintiff clarifies that he was not in fact paroled in 2024 and remains in custody under his 1993 sentences.  He argues that he should be released and that the state courts have been given an opportunity to correct their mistakes, citing the three cases attached as exhibits to his response to the MOSC and summarized above.

Plaintiff initiated this case as a civil rights action. (*See* Doc. 7.)  Although he may now wish to collaterally attack the validity of his state court sentence, he must do so in a habeas corpus action.  *Smith v. Franklin*, 465 F. App'x 788, 789 (10th Cir. 2012) (unpublished) (finding no error in district court taking *pro se* litigant's "submission at its word" and not converting a habeas petition into a § 1983 action); *Crosby v. True*, 826 F. App'x 699, 701 (10th Cir. 2020) (unpublished) (finding no error in declining to convert § 2241 action to *Bivens* action and instead dismissing the case without prejudice).  The filing requirements for a habeas petition differ from a § 1983 action in significant ways: different procedural rules apply; different parties must be named; and the two actions require the use of different court forms and the payment of separate filing fees pursuant to 28 U.S.C. § 1914.  Plaintiff's attempt to bring habeas claims in this civil rights case or to "convert" his § 1983 action into a petition for habeas corpus is therefore denied.

Plaintiff's third motion is titled, "Motion Presenting KDOC Document with Guidelines Release Date of October 12, 2026 after KDOC Aggregation from March 28, 1994 and Plaintiff Request for Status Report." (Doc. 18.)  The document provided by Plaintiff does not demonstrate

6

that his sentences have been overturned.  Also, Plaintiff's request for a status report is moot.  The motion is denied.

## IV.  Conclusion

Plaintiff has failed to show good cause why his Complaint should not be dismissed for the reasons discussed above and in the MOSC.

**IT IS THEREFORE ORDERED BY THE COURT** that this matter is **dismissed** for failure to state a claim upon which relief may be granted.

**IT IS FURTHER ORDERED** that Plaintiff's three pending motions (Docs. 16, 17, and 18) are **denied**.

**IT IS SO ORDERED**.

**Dated March 17, 2026, in Kansas City, Kansas.**

**S/  John W. Lungstrum**
**JOHN W. LUNGSTRUM**
**UNITED STATES DISTRICT JUDGE**

7